**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Henry Moormann,<br><br>Petitioner,<br><br>v.<br><br>Dora B. Schriro, et al.,<br><br>Respondents. | No. CV-91-1121-PHX-ROS<br><br><u>DEATH PENALTY CASE</u><br><br>**ORDER** |

Before the Court is Petitioner's Motion to Alter or Amend Judgment, seeking reconsideration of the Court's July 8, 2008 Order denying habeas relief and granting a Certificate of Appealability on three issues. (Dkt. 208.) A motion to alter or amend under Rule 59(e) is in essence a motion for reconsideration. Motions for reconsideration are disfavored and appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Petitioner asserts that the Court erred in failing to hold an evidentiary hearing on his claims. He also requests that the Court expand the certificate of appealability as to one of his claims.

<u>Evidentiary Hearing</u>

Petitioner correctly observes that the Court in its July 8 order did not expressly address his request for an evidentiary hearing. Rather, the Court considered Petitioner's

1 allegations and determined that none entitled him to relief, thus implicitly determining that Petitioner was not entitled to an evidentiary hearing. *See Turner v. Calderon,* 281 F.3d 851, 890 (9th Cir. 2002) ("Entitlement to an evidentiary hearing based on alleged ineffective assistance, for example, requires a showing that if his allegations were proven at the evidentiary hearing, deficient performance and prejudice would be established."). The Court further states herein that it also considered whether to exercise its discretion to hold an evidentiary hearing and concluded that a hearing was unnecessary to assist the Court in addressing Petitioner's claims.

Petitioner argues that the Court "repeatedly determined issues of fact against Petitioner" without an opportunity to challenge those facts in a hearing. (Dkt. 208 at 9.) However, the only example Petitioner cites is the fact that the Court found "not persuasive" the summary assertion in trial counsel's declaration that he "did not make a strategic decision" not to request lesser-included-offense instructions. (Dkt. 206 at 24; Dkt. 201 at 2.) Petitioner contends this was an inappropriate finding because the Court never heard trial counsel's testimony and could not assess his demeanor. He further asserts that the Court "decided that trial counsel's declaration was not believable because it concluded it appeared inconsistent with a transcript where trial counsel stated he had spoken to Mr. Moormann about the waiver of lesser included offense instructions." (Dkt. 208 at 9.) Petitioner misunderstands the Court's ruling.

First, in characterizing as unpersuasive trial counsel's assertion that his failure to request lesser-included instructions was not a strategic decision, the Court did not make a credibility finding with respect to counsel. Instead, the Court expressly stated that counsel's assertion was not persuasive because it was not accompanied by any specific recollection. (Dkt. 206 at 24.) In his declaration, trial counsel states: "I do not remember the details regarding the discussions Robert and I had on the lesser included offense instructions." (Dkt. 201 at 2.) If counsel had no recollection when preparing a declaration in 2006, there is little likelihood he would have additional relevant facts to convey at a hearing in 2008.

- 2 -

1      Second, the Court did not make a finding that trial counsel's declaration was not
2 believable because it appeared inconsistent with the trial transcript. Rather, the Court simply
3 made the observation that Petitioner had failed to proffer any evidence to counter the
4 sequence of events as suggested by the transcript – that counsel initially wanted the
5 instructions but after consulting with his client chose to forgo them and, therefore, appeared
6 to have made a strategic choice. Indeed, the Court assumed the veracity of counsel's
7 declaration to the extent he asserted that, although he had no specific recollection of their
8 conversation, he "tried talking" to Petitioner about the instructions; this assertion is clearly
9 supported by trial counsel's statements at trial. (Dkt. 201 at 2; Dkt. 206 at 24.)

10     Petitioner next argues an evidentiary hearing is necessary so that trial counsel can
11 explain that, although he did talk to Petitioner about lesser-offense instructions, Petitioner
12 was effectively incompetent and incapable of understanding his options. (Dkt. 208 at 9.) He
13 asserts that "counsel believed he had no alternative but to pursue the option Mr. Moormann,
14 without sufficient intelligence, knowledge or understanding of the legal situation and
15 consequences, appeared to elect." (*Id.* at 9-10.) Petitioner also asserts that counsel's
16 decision to forgo the lesser-instructions was deficient "because he relied on Mr. Moormann
17 to make this decision that was trial counsel's alone to make." (*Id.* at 10.) These allegations
18 were not presented in either state court or these federal proceedings prior to the instant Rule
19 59 motion; accordingly, they are waived. Furthermore, as just explained, trial counsel has
20 no specific recollection of his conversation with Petitioner regarding the lesser-included
21 instructions and his declaration is devoid of any assertion that he chose to forgo the
22 instructions at the insistence of his client. Because there is no evidence to support
23 Petitioner's conclusory new allegations, a hearing is not warranted. *See United States v.*
24 *Zuno-Acre*, 209 F.3d 1095, 1103 (9th Cir. 2000) (speculation is not a basis for an evidentiary
25 hearing); *Daniels v. United States*, 54 F.3d 290, 293 (7th Cir. 1995) ("A hearing is not
26 necessary if the petitioner makes conclusory or speculative allegations rather than specific
27 factual allegations.").

28

1    Moreover, the Court's ruling did not rest solely on the ground that trial counsel's
2 performance was reasonable. Assuming the truth of Petitioner's allegations (that counsel's
3 failure to request lesser-included instructions was not strategic), the Court nonetheless
4 determined, based on the evidence presented at trial, that Petitioner could not establish
5 prejudice. (Dkt. 206 at 25-26.) Thus, an evidentiary hearing on this claim is not warranted
6 because Petitioner's allegations, even if proved, do not entitle him to relief. *Townsend v.*
7 *Sain*, 372 U.S. 293, 312-13 (1963), *overruled in part by Keeney v. Tamayo-Reyes*, 504 U.S.
8 1 (1992).

9    Petitioner also argues that the Court erred in not holding an evidentiary hearing
10 because he had established a colorable claim of ineffective assistance at sentencing. For the
11 reasons already detailed in the July 8 order, the Court disagrees. Therefore, Petitioner's
12 request for reconsideration is denied.

13    Certificate of Appealability

14    In its July 8 order, the Court granted a certificate of appealability on three issues,
15 including whether appellate counsel rendered constitutionally ineffective representation by
16 failing to raise on direct appeal a claim alleging ineffective assistance based on sentencing
17 counsel's failure to present lay witnesses concerning Petitioner's background. (Dkt. 206 at
18 58.) Petitioner asks the Court to expand this aspect of the certificate to incorporate
19 sentencing counsel's failure to present expert witnesses concerning Petitioner's background
20 and disabilities. The Court declines to do so.

21    Petitioner's argument is based solely on the fact that in his post-remand brief he
22 included language and argument regarding the failure to present "qualified mental health
23 experts" and that the Court "considered" his newly-proffered expert declarations and
24 affidavits in denying his sentencing ineffectiveness claim. Neither is a legitimate basis for
25 granting a certificate of appealability for a claim that was never presented in state court and
26 is procedurally barred from federal habeas review.

27    As the Court explained in its July 8 order, the Ninth Circuit directed this Court to

28

- 4 -

1  assess whether appellate counsel's failure to raise "those claims that were presented in
2  [Petitioner's] first and second PCR" resulted in prejudice. *Moormann v. Stewart*, 426 F.3d
3  1044, 1059 (9th Cir. 2005). Petitioner did not present any sentencing-related ineffectiveness
4  claims in his second PCR petition, and the only claim raised in his first PCR petition was
5  limited to counsel's failure to allow Petitioner to testify about the abuse he suffered by his
6  mother and failure to call *fact* witnesses who were acquainted with Petitioner's background
7  and childhood. (Dkt. 161, Ex. KK at 9.) Consequently, although Petitioner's post-remand
8  brief asserted that counsel was ineffective at sentencing for relying on Dr. Overbeck's
9  testimony as mitigation and failing to retain other "qualified" experts, the Court expressly
10 declined to address those issues. (Dkt. 206 at 50 n.20; *see also id.* at 52.) Moreover,
11 although the July 8 order summarized Petitioner's newly-proffered expert opinions, the Court
12 noted this evidence was largely irrelevant because it (1) improperly focused on what counsel
13 could have presented rather than upon whether counsel's actions were reasonable; (2) related
14 to claims not before the Court – e.g., whether defense counsel was ineffective for failing to
15 provide Dr. Overbeck with necessary background information or to question the validity of
16 prior neurologic and neuro-psychiatric evaluations; and (3) provided new opinions based
17 primarily on facts already known to defense counsel and his expert. (Dkt. 206 at 15, 50, 54-
18 55.) Petitioner's attempt to resurrect defaulted claims through a certificate of appealability
19 is not appropriate.

20    Based on the foregoing,

21    **IT IS ORDERED** that Petitioner's Motion to Alter or Amend Judgment (Dkt. 208)
22 is **DENIED**.

23    DATED this 18th day of November, 2008.

_____
Roslyn O. Silver
United States District Judge

- 5 -