**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Henry Moormann, | )  No. CV-91-1121-PHX-ROS |
| Petitioner, | )  <u>DEATH PENALTY CASE</u> |
| v. | ) |
| | )  **ORDER DENYING MOTION FOR** |
| Dora B. Schriro, et al., | )  **RELIEF FROM JUDGMENT** |
| Respondents. | ) |

Before the Court is Petitioner's motion for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure and request to stay execution. (Doc. 248.) The motion asserts that the Supreme Court's recent decision in *Maples v. Thomas*, 132 S. Ct. 912 (2012), represents a change in the law, which provides a proper ground for this Court to reopen judgment to reconsider its determination of procedural default as to Petitioner's claim of ineffective assistance of counsel at sentencing. Petitioner filed the motion at 2:00 p.m. on Sunday, February 26, less than 72 hours before his scheduled execution on Wednesday, February 29 at 10:00 a.m. Given the short time frame and comprehensiveness of the motion, the Court finds it has sufficient information from which to rule and therefore has not requested responsive briefing. For the reasons that follow, the motion is denied.

## BACKGROUND

Petitioner was convicted and sentenced to death in 1985 for the murder of his 74-year-old adoptive mother. The details of the crime are set forth in the Arizona Supreme Court's opinion on direct appeal and will not be repeated here. *See State v. Moorman*, 154 Ariz. 578, 744 P.2d 679 (1987).[1]

After two unsuccessful state petitions for postconviction relief (PCR), Petitioner sought federal habeas relief. The habeas petition raised thirty claims, including numerous allegations of counsel ineffectiveness at trial and sentencing. This Court ultimately determined that each was either procedurally barred or meritless. (Docs. 139, 158, 184.) Subsequently, the Ninth Circuit Court of Appeals remanded for a determination of whether the failure of Petitioner's appellate counsel to raise certain claims on appeal excused the default of those claims. *Moormann v. Schriro*, 426 F.3d 1044, 1059-60 (9th Cir. 2005). In doing so, the court limited its remand to consideration of only those claims that were presented in Petitioner's first and second state PCR petitions.

On remand, Petitioner asserted that appellate counsel should have raised four claims, several of which related to the effectiveness of trial counsel. With respect to sentencing, Petitioner contended that trial counsel should have presented lay and expert testimony concerning Petitioner's social history, alleged incestuous relationship with his adoptive mother, and physical and mental impairments. This Court again denied habeas relief, finding that appellate counsel's failure to raise the trial ineffectiveness claims on appeal was not constitutionally deficient. With respect to the sentencing ineffectiveness claim in particular, the Court noted that Petitioner had not asserted, in either of his state PCR petitions, an ineffectiveness claim based on trial counsel's failure to enlist *experts* for sentencing; rather, the claim raised in state court was based on the failure to utilize *lay* witness testimony.

---

[1] Petitioner's last name is spelled variously as "Moorman" and "Moormann" in the state court record.

*Moormann v. Schriro*, No. CV-91-1121-PHX-ROS, 2008 WL 2705146, at *31 n.20 (Jul. 8, 2008) (unpublished order). The Ninth Circuit affirmed, specifically noting that Petitioner's claim relating to trial counsel's failure to present expert witnesses at sentencing was procedurally barred. *Moormann v. Ryan*, 628 F.3d 1102, 1106 (9th Cir. 2010).

On February 21, 2012, eight days before his scheduled execution, Petitioner filed in the Ninth Circuit a motion seeking authorization to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b) or in the alternative to recall the mandate. That motion requests leave to raise two claims in a new habeas petition: (1) ineffective assistance of state postconviction counsel, based on the recent *Maples* decision, and (2) invalidity of Petitioner's capital sentence due to mental retardation, based on *Atkins v. Virginia*, 536 U.S. 304 (2002). The Ninth Circuit has not yet ruled on the application. Although the instant motion to reopen judgment is also based on *Maples*, Petitioner is seeking to have this Court reconsider its procedural bar of his sentencing counsel ineffectiveness claim, not raise an independent claim of ineffectiveness from postconviction counsel's representation or an *Atkins* claim. It thus appears the instant motion is related to the successive petition application in only a tangential manner and there is no reason to await the appellate court's decision before ruling here.

## DISCUSSION

Federal Rule of Civil Procedure 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). A motion under subsection (b)(6) must be brought "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and requires a showing of "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

For habeas petitioners, Rule 60(b) may not be used to avoid the prohibition against second or successive petitions set forth in 28 U.S.C. § 2244(b). In *Gonzalez*, the Court explained that a Rule 60(b) motion constitutes a second or successive habeas petition when

- 3 -

1  it advances a new ground for relief or "attacks the federal court's previous resolution of a
2  claim *on the merits.*" *Id.* at 532. "On the merits" refers "to a determination that there exist
3  or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§
4  2254(a) and (d)." *Id.* at n.4. The Court further explained that a Rule 60(b) motion does not
5  constitute a second or successive petition when the petitioner "merely asserts that a previous
6  ruling which precluded a merits determination was in error—for example, a denial for such
7  reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.*

8  Such is the case here. This Court found procedurally barred Petitioner's claim
9  alleging ineffectiveness from the failure to retain experts at sentencing; it did not rule "on the
10 merits" of the claim. Thus, pursuant to *Gonzalez*, this Court has jurisdiction to consider
11 Petitioner's Rule 60(b) motion, free of the constraints imposed by 28 U.S.C. § 2244(b) upon
12 successive petitions. *See Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007) (finding
13 § 2244(b) inapplicable where Rule 60(b) motion sought to reopen judgment on procedurally
14 barred claim).

15 In his motion, Petitioner argues that *Maples* is a proper ground for this Court to reopen
16 its judgment because it demonstrates that the Court erred in finding Petitioner's
17 ineffectiveness claim procedurally barred. In *Maples*, the Supreme Court recognized that
18 attorney abandonment of a client may constitute "cause" to excuse a procedural default. 132
19 S. Ct. at 923-24. Petitioner argues that cause to excuse the default of his ineffectiveness
20 claim exists here because he was abandoned by his second postconviction counsel, Allen
21 Gerhardt. He contends that Gerhardt conducted no investigation and "did not identify, retain
22 or consult any mental health experts about Mr. Moormann's background, or request any
23 mental health experts interview and evaluate Mr. Moormann." (Doc. 248 at 3, citing Doc.
24 249-3 at 35 (Gerhardt Decl. at ¶ 3).) Petitioner further contends that Gerhardt failed to
25 perform these critical tasks because he "believed the only constitutional violations [he] could
26 assert in the petition were record-based claims." (*Id.*) This, Petitioner argues, was a
27 violation of Gerhardt's professional obligations under the ABA's Guidelines for the
28

- 4 -

1 Appointment and Performance of Defense Counsel in Death Penalty Cases and was "not a
2 matter of mistake or negligence; it was an absolute failure to do the job counsel was
3 appointed to do and fell grossly below the standard of care for a capital postconviction
4 proceeding." (Doc. 248 at 4.)

After consideration of the motion, the exhibits in support, and the record in this case, the Court concludes that Gerhardt's actions did not amount to abandonment under *Maples*. Therefore, Petitioner has failed to establish "extraordinary circumstances" justifying relief under Rule 60(b).

In *Maples*, the Court did not disturb the general rule that "[n]egligence on the part of a prisoner's postconviction attorney does not qualify as 'cause.'" 132 S. Ct. at 922. Instead, the Court distinguished the negligence of counsel from a complete abandonment that severs the agency relationship and terminates the lawyer's authority to act for the client. The Court observed that "when an attorney abandons his client without notice, and thereby occasions the default," that conduct severs "the principal-agent relationship" such that the "attorney no longer acts, or fails to act, as the client's representative." *Id*.

The facts in *Maples* are instructive. There, during the pendency of the petitioner's state postconviction petition, Maples's attorneys failed to inform him that they had changed employment and were unable to represent him in their new positions. In addition, no other attorney from the law firm moved to substitute as counsel of record or to inform the state court of the change in representation. Consequently, when the state court denied a petition for postconviction relief, no attorney sought state appellate review and a federal habeas court later found the petitioner's constitutional claims to be procedurally defaulted as a result of the failure to appeal the state court's ruling.

In finding cause for the procedural default of Maples's claims, the Court relied in part on its decision in *Holland v. Florida*, 130 S. Ct. 2549 (2010). In that case, the petitioner missed the one-year limitations period for filing a habeas petition, and the Court determined that the attorney's "unprofessional conduct" amounted to an extraordinary circumstance

- 5 -

justifying equitable tolling. *Maples*, 132 S. Ct. at 923. The *Holland* Court recognized that an attorney's negligence in, for example, miscalculating a filing deadline, does not provide a basis for equitable tolling. However, in *Holland*, the petitioner argued that "his lawyer had detached himself from any trust relationship" and "abandoned me." *Id.* (citing *Holland*, 130 S. Ct. at 2555). In *Maples*, the Court explained the negligence-abandonment distinction:

> In a concurring opinion in *Holland*, Justice Alito homed in on the essential difference between a claim of attorney error, however egregious, and a claim that an attorney had essentially abandoned his client. Holland's plea fit the latter category: He alleged abandonment "evidenced by counsel's near-total failure to communicate with petitioner or to respond to petitioner's many inquiries and requests over a period of several years." If true, Justice Alito explained, "petitioner's allegations would suffice to establish extraordinary circumstances beyond his control[:] Common sense dictates that a litigant cannot be held constructively responsible for the conduct of an attorney who is not operating as his agent in any meaningful sense of that word."

*Id.* (internal citations omitted).

Here, the Court cannot say that Gerhardt abandoned Petitioner. Gerhardt filed a postconviction petition that raised a claim of ineffectiveness at sentencing for failing to investigate and present mitigation evidence. He also sought appellate review of the superior court's order summarily dismissing the petition. There is no allegation that Gerhardt committed egregious professional misconduct, failed to communicate with Petitioner, or failed to respond to Petitioner's inquiries with respect to preparation of the petition. Nor can it be said that Petitioner was left without functioning counsel, as occurred in *Maples*. Instead, Petitioner argues that Gerhardt failed to investigate and develop expert evidence to support his allegations of sentencing counsel ineffectiveness. This is nothing more than ordinary negligence, not abandonment.

## **CONCLUSION**

Petitioner has alleged only negligence with regard to postconviction's counsel representation and not the complete abandonment that is required in *Maples*. Accordingly, he has failed to demonstrate extraordinary circumstances justifying relief under Rule 60(b).

- 6 -

1   **IT IS THEREFORE ORDERED** that Petitioner's Motion for Relief from Judgment
2   Pursuant to Fed. R. Civ. P. 60(b)(6) and Motion for Stay of Execution (Doc. 248) is
3   **DENIED**.

4   DATED this 27th day of February, 2012.

_____
Roslyn O. Silver
Chief United States District Judge

- 7 -